UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE ECHOLS

Petitioner,

v.

GREGORY SKIPPER,[1]

Respondent.

Case No. 19-cv-13417

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS [#1] IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Ronnie Echols ("Petitioner"), who is confined at the Michigan Refor19-13417

matory in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his petition, he challenges his conviction for three counts of armed robbery, Mich. Comp. Laws § 750.529; one count of carjacking, Mich. Comp. Laws § 750.529a; and one count of receiving and concealing a stolen motor vehicle, Mich. Comp. Laws § 750.535(7). *Id.* at PageID.2.

---

[1] The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now Gregory Skipper, the warden of the Michigan Reformatory, where Petitioner is now incarcerated. *See* Rule 2(a), 28 foll. U.S.C. § 2254; *see also Edwards Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).

1

On February 21, 2020, Respondent filed a Motion for Dismissal of the petition, arguing (1) that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1); and (2) that Petitioner failed to properly raise his claims in the Michigan Supreme Court, and therefore his claims in the instant action are unexhausted. *See* ECF No. 6. Petitioner opposed the Motion on March 10, 2020. ECF No. 9.

For the reasons stated below, the Court declines to dismiss the petition as being time-barred by the statute of limitations. The Court finds, though, that Petitioner's claims have not been properly exhausted. In lieu of dismissing the petition without prejudice, the Court holds the petition in abeyance so that Petitioner can properly exhaust his claims with the state courts.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted by a Wayne County jury of three counts of armed robbery, Mich. Comp. Laws § 750.529; one count of carjacking, Mich. Comp. Laws § 750.529a; and one count of receiving and concealing a stolen motor vehicle, Mich. Comp. Laws § 750.535(7). ECF No. 6, PageID.81. The Michigan Court of Appeals affirmed petitioner's conviction. *See People v. Echols,* Nos. 335067, 335069, 335178, 2018 WL 842639 (Mich. Ct. App. Feb. 13, 2018). Petitioner is currently serving a total effective sentence of 50 to 100 years of imprisonment. ECF No. 6, PageID.81–82.

The Clerk of the Michigan Supreme Court rejected Petitioner's application for leave to appeal on August 16, 2019. *Id.* at PageID.86. The Clerk explained in a letter to Petitioner that his petition was received beyond the 56-day deadline for filing an application for leave to appeal to the Michigan Supreme Court. ECF No. 7-11, PageID.755. Further, the Clerk denoted that the documents which Petitioner submitted in his application had the original dates crossed out and "4-10-18," the filing deadline in this case, written in their place. *Id.* Indeed, some of the dates that had been crossed out could still be determined: May 10, 2018 and April 29, 2018, both of which were beyond the 56-day deadline. *Id.* The Clerk asserted that these markings indicated that Petitioner was "attempting to fraudulently back-date the application." *Id.*

Petitioner's application, however, included a "Motion to Direct the Michigan Supreme Court to File My Motion/Application," in which Petitioner alleges that he placed his application for leave to appeal in the hands of a Michigan Department of Corrections mail room employee on April 10, 2018. *Id.* at PageID.775. In this Motion, Petitioner purports that his application was recently returned to him with a notation that he needed to provide more postage. *Id.* Petitioner also attached a Michigan Department of Corrections Disbursement Authorization Form for Expedited Mail, which indicates that an application for leave to appeal to the

Michigan Supreme Court was given to prison authorities on April 10, 2018. *Id.* at PageID.776.

On November 11, 2019, Petitioner signed, dated, and mailed his petition for writ of habeas corpus to this Court.[2] ECF No. 1.

## II. DISCUSSION

### A. Timeliness

The Court will first address Respondent's timeliness argument. ECF No. 6, PageID.83. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F. 3d 412, 421–22 (6th Cir. 2007). The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[2] Under the prison mailbox rule, this Court assumes that Petitioner actually filed his habeas petition on November 11, 2019, the day that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

4

> the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). In the instant action, the Michigan Court of Appeals affirmed Petitioner's conviction on February 13, 2018. *See People v. Echols,* Nos. 335067, 335069, 335178, 2018 WL 842639 (Mich. Ct. App. Feb. 13, 2018). Petitioner's application for leave to appeal was then rejected as untimely by the Michigan Supreme Court. ECF No. 7-11.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his or her judgment of conviction is finalized when the time for taking an appeal to the Supreme Court expires.; the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *See Jimenez v.*

*Quarterman*, 555 U.S. 113, 119 (2009).  However, when a habeas petitioner fails to properly or timely file an application for leave to appeal to the state's highest court, the additional ninety days for filing an appeal to the Supreme Court is not considered. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Under MCR 7.305(C)(2)(a), Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court.  The expiration of the fifty-six days represents the expiration of the time for seeking direct review of his judgment of conviction.  Accordingly, the one-year statute of limitations began to run at that time.  *Gonzalez*, 565 U.S. at 150.  Petitioner's conviction became final, for purposes of 28 U.S.C. § 2244(d)(1)(A), on April 10, 2018, since he did not file a timely application for leave to appeal to the Michigan Supreme Court.  *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).  Petitioner then had until April 10, 2019 to timely file his instant habeas petition to this Court.  His habeas petition was not filed until November 11, 2019, seven months after the one-year limitations period.  Petitioner's petition is therefore untimely.

The Court denotes that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645

(2010). A habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way'" and thus prevented the timely filing of the petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that his application for leave to appeal to the Michigan Supreme Court had different dates on it because the application was returned to him several times by prison officials. ECF No. 9, PageID.780. He alleges that the application was returned because he had insufficient funds. *Id.* He also explains that he had been moved to another prison seven hours away from where he was initially confined, which caused additional delays before he could resend the application to the Michigan Supreme Court. *Id.* The Rule 5 materials in Petitioner's case contain a Michigan Department of Corrections Disbursement Authorization Form for Expedited Mail, indicating that an application for leave to appeal to the Michigan Supreme Court was given by Petitioner to prison authorities for mailing on April 10, 2018. ECF No. 7-11, PageID.755.

The Court finds that Petitioner's various pleadings, as well as the state court record, raise a genuine issue of material fact as to whether the one-year limitations period should be equitably tolled in this case. *See e.g., White v. Curtis*, 42 F. App'x 698, 700 (6th Cir. 2002) (finding that the one-year limitations period is subject to

7

equitable tolling where the petition would have been saved from untimeliness if (1) Michigan had adopted the federal "mailbox rule" for filings on which petitioner relied; or (2) if prison officials had delivered petitioner's appeal to the Michigan Supreme Court only one day earlier). This Court thus declines to dismiss Petitioner's habeas petition on statute of limitations grounds.

### B. Exhaustion

The Court will next address Respondent's exhaustion argument. ECF No. 6, PageID.92. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U. S. 270, 275–78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, a federal court must review each claim for exhaustion before any claim may be reviewed on the merits. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In Michigan, a petitioner must present his or her claims to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F. Supp.2d 796, 800 (E.D. Mich. 2002).

8

Here, since Petitioner failed to raise his claims before the Michigan Supreme Court in a timely manner, his claims in the instant action are unexhausted. *See e.g.*, *Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008) (habeas petitioner failed to exhaust his state remedies as result of his failure to file timely appeal to the Michigan Supreme Court).

Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment under MCR 6.502 with the Wayne County Circuit Court. *See Wagner v. Smith,* 581 F. 3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. MCR 6.509; MCR 7.203; MCR 7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the AEDPA. *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when the original petition was timely filed, as is the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720–21 (6th Cir. 2002).

The Supreme Court has indicated that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings under the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for that petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). Generally, a federal court may stay a federal habeas petition—and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings—if there is good cause for a petitioner's failure to exhaust and if the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 270.

Here, Petitioner's claims do not appear to be "plainly meritless." "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court." *Pace*, 544 U.S. at 416. Petitioner appeared to believe that the Michigan Supreme Court would accept his untimely application for leave to appeal if he provided them with evidence that he had earlier attempted to file a timely application for leave to appeal. Petitioner's confusion about whether his late application for leave to appeal would be accepted, and thus delay the commencement of the limitations period, is good cause to hold the petition in abeyance. Finally, the Court denotes that the mere fact

that Petitioner's claims are unexhausted does not prevent it from holding his petition in abeyance. *See Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits upon Petitioner within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Accordingly, Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted). [3]

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner may file a motion for relief from judgment with the state court within **ninety (90) days** of receipt of this Court's

---

[3] This Court has the discretion to stay the petition and hold it in abeyance even though Petitioner did not specifically request this Court to do so. *See e.g.*, *Banks v. Jackson,* 149 F. App'x 414, 422 n. 7 (6th Cir. 2005).

11

order.  If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending Petitioner's exhaustion of his claim(s).

Petitioner shall re-file his habeas petition within **ninety (90) days** after the conclusion of the state court post-conviction proceedings, using the same caption and case number.  Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition.  *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **FURHER ORDERS** the Clerk of this Court to **CLOSE** this case for statistical purposes only.  Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.  *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

**SO ORDERED**.

Dated: March 17, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 17, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk