UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE ECHOLS

    Petitioner,

        v.

GREGORY SKIPPER,

    Respondent.

_____/

Case No. 19-cv-13417

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

### OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT [#12]

Petitioner Ronnie Echols ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition was held in abeyance so that Petitioner could return to the state courts to exhaust additional claims. *See* ECF No. 10. Petitioner was given ninety days to initiate post-conviction proceedings in the state courts to exhaust these claims. *Id.* at PageID.797.

Petitioner has now retained an attorney, Laura Kathleen Sutton, ECF No. 11, who has filed a Motion for Extension of Time to file the post-conviction motion for relief from judgment with the state courts, ECF No. 12. The Court will **GRANT** Petitioner a ninety-day extension of time to file his post-conviction motion for relief from judgment with the state court.

1

Petitioner's counsel has requested an extension of time to file the post-conviction motion for relief from judgment because she has just been retained and needs additional time to familiarize herself with the case. *Id.* at PageID.802. Petitioner's counsel also claims that the COVID-19 pandemic has made it difficult for Petitioner or herself to obtain documents from the state courts that are necessary for the presentation of Petitioner's claims in his state post-conviction motion. *Id.*

A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See, e.g.*, *Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Here, Petitioner did all that he could reasonably do to file his state post-conviction motion for relief from judgment on time. However, he was "prevented in some extraordinary way" from filing his motion with the state courts on time, in part, because of the closure of the various state courts due to the COVID-19 pandemic. Accordingly, the Court finds that an extension of time is warranted. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

Accordingly, **IT IS ORDERED** that Petitioner is granted a ninety-day extension of time from the date of this order to initiate post-conviction proceedings in the state courts. Petitioner is still required to return to federal court within ninety days of completing the exhaustion of state court post-conviction remedies.

**SO ORDERED**.

Dated: July 2, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 2, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk