UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE ECHOLS

   Petitioner,

      v.

GREGORY SKIPPER,

   Respondent.

Case No. 19-cv-13417

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A FOURTH EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT [#20]

Petitioner Ronnie Echols ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition was held in abeyance so that Petitioner could return to the state courts to exhaust additional claims. *See* ECF No. 10. Petitioner was given ninety days to initiate post-conviction proceedings in the state courts to exhaust these claims. *Id.* at PageID.797. He was subsequently given three extensions of time to file a post-conviction motion with the state courts. ECF Nos. 14, 16, 19.

Presently before the Court is Petitioner's Fourth Motion for Extension of Time to file the post-conviction motion for relief from judgment with the state courts. ECF

1

No. 20.  The Court will **GRANT** Petitioner a fourth sixty-day extension of time to file his post-conviction motion for relief from judgment with the state court.

Petitioner's counsel, Laura Kathleen Sutton, asserts that she needs time to obtain records that could establish that Petitioner suffered a head injury when he was nine years old that left him with epilepsy and cognitive memory deficiencies.  ECF No. 20, PageID.837.  Counsel claims that these injuries "continue to affect [Petitioner's] mental functioning."  *Id.*  Counsel argues that this evidence, if corroborated, could substantially impact Petitioner's post-conviction claims.  *Id.*  Moreover, Counsel purports that the COVID-19 pandemic and its ensuing restrictions has limited her ability to confer with Petitioner in prison.  *Id.* at PageID.837–38.

The Court will grant Petitioner a fourth sixty-day extension of time to file his motion for relief from judgment with the state trial court.  A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay.  *See, e.g.*, *Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005).  Here, Petitioner did all that he could reasonably do to file his state post-conviction motion for relief from judgment on time.  However, he was "prevented in some extraordinary way" from filing his motion with the state courts on time, in part, because of the closure of the various state courts due

to the COVID-19 pandemic. Accordingly, the Court finds that an extension of time is warranted. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

Accordingly, **IT IS ORDERED** that Petitioner is granted a fourth sixty-day extension of time from the date of this order to initiate post-conviction proceedings in the state courts. Petitioner is still required to return to federal court within ninety days of completing the exhaustion of state court post-conviction remedies.

.**SO ORDERED**.

Dated: February 2, 2021

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 2, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk